IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| WILMER ALEXIS ORDONEZ VARGAS | : | |
| 236 Normandy Hill Drive | : | |
| Alexandria, Virginia 22304 | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| DEGEN, INC. | : | |
| d/b/a BALAGGER RESTAURANT | : | |
| & SPORTS BAR | : | |
| 3813 E-F South George Mason Drive | : | |
| Falls Church, Viginia  22041 | : | |
| | : | |
| Serve Registered Agent: | : | |
| Eshetu Silie | : | |
| 3813 E-F South George Mason Dr. | : | |
| Falls Church, Virigina  22041 | : | |
| | : | |
| BABYLON TAVERNA, INC. | : | |
| 5806 Huron Place | : | |
| Alexandria, Virginia 22310 | : | |
| | : | |
| Serve Registered Agent: | : | |
| Azieb Sibahtu | : | |
| 3813-E South George Mason Dr. | : | |
| Falls Church, Virginia  22041 | : | |
| | : | |
| ESHETU SILIE | : | |
| 3813 E-F South George Mason Drive | : | |
| Falls Church, Virginia  22041 | : | |
| | : | |
| AZIEB SIBAHTU | : | |
| 5806 Huron Place | : | |
| Alexandria, Virginia 22310 | : | |
| | : | |
| Defendants. | : | |

## **COMPLAINT**

Plaintiff, Wilmer Alexis Ordonez Vargas ("Plaintiff"), by and through his attorneys, Mary J. Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5022293_1

hereby files his Complaint against Defendants Degen, Inc. d/b/a Balagger Restaurant & Sports Bar, Babylon Taverna, Inc., Eshetu Silie and Azieb Sibahtu (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA")., stating as follows:

## INTRODUCTION

Plaintiff worked for Defendants as a cook/food preparer/dishwasher. He worked approximately sixty-eight hours per week and was not properly compensated for the overtime hours that he worked. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia.

4. Defendant Degen, Inc. d/b/a Balagger Restaurant & Sports Bar ("Balagger Restaurant") is a Virginia corporation.

5. Defendant Babylon Taverna, Inc. ("Babylon Taverna") is a Virginia corporation.

6. Defendant Eshetu Silie is the principal of Balagger Restaurant.

7. Defendant Azieb Sibahtu is the principal of Babylon Taverna.

8. Upon information and belief, there is an unnamed defendant that is expected to be identified during discovery that assisted in the operation of both Balagger Restaurant and Babylon Taverna (the "Corporate Defendants").

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

9. Upon information and belief, Defendants Eshetu Silie, Azieb Sibahtu and the unnamed defendant (the "Individual Defendants") exerted control of the operations, to some degree, of the Corporate Defendants.

10. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

11. Defendants have at least two or more employees who are engaged in interstate commerce and/or handle, sell, or otherwise work on goods or materials that have been moved or produced for commerce. Defendants also process credit card transactions for customer payments and purchase equipment and inventory that move in interstate commerce.

12. The Individual Defendants controlled the day to day operations of the Corporate Defendants.

13. The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiff.

14. The Individual Defendants supervised Plaintiff directly or indirectly.

15. The Individual Defendants directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

16. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

17. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

18. Each of the Individual Defendants would be considered an employer for purposes of individual liability because of their intrinsic involvement in the business.

FACTS

19. Plaintiff was employed by Defendants as a cook/food preparer/dishwasher from June 1, 2013 through May 31, 2016 (the "Employment Period").

20. Throughout the Employment Period, Plaintiff was paid at a weekly rate of $600.00, which translates to a regular hourly rate of $10.00.

21. Plaintiff worked approximately sixty hours per week and was never compensated at the required overtime rate of one and one half times his regular hourly rate for those hours worked over forty hours per week.

22. Plaintiff worked for Defendants in Virginia throughout his employment.

23. Plaintiff is owed approximately $15,600.00 in unpaid overtime wages.

24. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

25. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* 29 U.S.C. § 211(c)

26. The precise number of hours worked, and wages owed, should be revealed through discovery.

27. Defendants knowingly and intentionally violated Plaintiff's rights under federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT I
## (FLSA)

28. Plaintiff adopts herein by reference paragraphs 1 through 27 above as if fully set forth herein.

29. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

30. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

31. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

32. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $31,200.00 which is two times the total overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:       /s/ *Mary J. Craine Lombardo*
        Mary J. Craine Lombardo (77768)
        mlombardo@steinsperling.com

By:       /s/ *Eduardo S. Garcia*
        Eduardo S. Garcia (90738)
        egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6

5022293_1